UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
CHARLES W. AUSTIN,            )
                              )
    Plaintiff,                )
                              )
    v.                        )   NO.  3:05-0466
                              )
JOHN E. POTTER,               )   Judge Echols/Brown
                              )
    Defendant.                )
```

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

For the reasons stated below, the Magistrate Judge **recommends** that this case be **dismissed** without prejudice for failure to obtain service of process under Rule 4(m).

**II. BACKGROUND**

The plaintiff filed suit against the Postmaster General on June 10, 2005 (Docket Entry No. 1). The docket further reflects that the filing fee was paid. The matter was referred to the undersigned for case management and a Report and Recommendation on any dispositive matter (Docket Entry No. 2). The plaintiff requested appointment of counsel, however, that motion was denied (Docket Entry Nos. 3 and 4). In that order the Magistrate Judge pointed out to the plaintiff the necessity of obtaining service of process on the defendant. A review of the file shows that despite this earlier caution about the necessity of obtaining service of process, the plaintiff was again reminded of the necessity of

obtaining service of process within 120 days (Docket Entry No. 5), and the plaintiff still failed to follow that order.

Subsequently, on September 27, 2005, the undersigned reviewed the file and determined that no proof of service of process had been filed by the plaintiff. The plaintiff was specifically warned that failure to obtain service of process within 120 days could result in the dismissal of his case for failure to prosecute, in accordance with Fed.R.Civ.P. 4(m). More than 120 days have now passed and the plaintiff has furnished no evidence whatever that he has obtained service of process on the Postmaster General, the Attorney General, and the United States Attorney as required by Fed.R.Civ.P. 4(i).

**III. LEGAL DISCUSSION**

The dismissal of a case should not be undertaken lightly. The Sixth Circuit has set forth a four-part test to apply when considering an involuntary dismissal of a case. See Tetro v. Elliott Popham Pontiac, 173 F.3d 988 (6th Cir. 1999); Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997); Mulbah v. Detroit Board of Education, 261 F.3d 586 (6th Cir. 2001); and Bowels v. City of Cleveland, 129 Fed.Appx.239 (6th Cir. 2005)(unpublished opinion). The criteria to be considered are as follows: (1) whether the party's failure to cooperate is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the parties; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

2

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Tetro at 992.

      1. In applying this analysis, it appears that the plaintiff's conduct is wilful. The plaintiff has been twice reminded by the Court of the necessity of obtaining service of process within 120 days and was warned the second time that failure to do so could result in the dismissal of his case. The plaintiff insofar as the Magistrate Judge can tell has taken no action whatever to obtain service of process in this matter.

      2. There is no specific evidence that the Government has been prejudiced in this matter, although it is always possible that delay in prosecuting a case can result in lost evidence and witnesses. However, since it does not appear that the Government has been served at this point, the Magistrate Judge is unable to determine that in fact the Government has suffered any prejudice and will not consider that as adverse to the plaintiff.

      3. The plaintiff has been specifically warned that failure to obtain service of process could result in a dismissal.

      4. Finally, a dismissal under Rule 41(b) would normally be with prejudice. The Magistrate Judge does not believe that a dismissal with prejudice is warranted, however, a dismissal without prejudice would seem appropriate.

      Until the plaintiff obtains service of process, this case cannot be managed or in any way moved along toward a final

3

Case 3:05-cv-00466   Document 6   Filed 10/17/05   Page 3 of 4 PageID #: 4

disposition. A court must be able to control its docket. A party cannot simply file a lawsuit and then take no action.

It appears to the Magistrate Judge that a dismissal without prejudice of this case is appropriate. If statute of limitations and other procedural issues do not bar the plaintiff from refiling, he may be able to refile his case.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that this case be **dismissed** without prejudice for failure of the plaintiff to obtain service of process within 120 days and to otherwise prosecute his case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of October, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4